# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 10, 2009

## JAMES CARR v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 84-02112      W. Otis Higgs, Jr., Judge**

---

**No. W2009-00683-CCA-R3-CO  - Filed February 1, 2010**

---

The petitioner, James Carr, appeals the dismissal of his petition for writ of error coram nobis. He was convicted on November 4, 1984, of aggravated rape and sentenced to life imprisonment as a Range II offender.  The trial court ruled the petition should be dismissed because it did not set out any newly discovered evidence and contained no exception to the one-year statute of limitations.   On appeal he argues that the dismissal was an unconstitutional denial of his right to due process.  After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Vanessa M. Cross, Memphis, Tennessee, for the appellant, James Carr.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner is serving a life sentence based upon facts summarized as follows:

> The state's evidence, which the jury accredited, shows that 17-year-old Bonnie Martin, on the evening of March 7, 1984, had visited her boyfriend in the City of Memphis and had sex with him.  On leaving his home about 9:00 p.m. and beginning to walk home, she was met by the defendant.  Armed with a knife, the defendant forced her into the backyard of a nearby empty house

and forcibly raped her. He then took her to another yard and raped her again, after which he walked with her to her home. There she immediately told her mother of the rape, and her mother reported it to the police.

Ms. Martin told her family that the rapist was wearing a green army jacket, a white skull cap, blue jeans and white tennis shoes. He also had braided hair. An officer later took a photograph of a tennis shoe imprint at one of the rape sites. Ms. Martin's brothers chased a man fitting the description she gave but were unable to catch him. She identified the defendant from a photographic lineup and also in testimony at trial.

*James Carr v. State*, No. 120, 1985 Tenn. Crim. App. LEXIS 3273, at **1-2, (Tenn. Crim. App. at Jackson, October 30, 1985).

The defendant denied raping the victim and presented an alibi defense. This court affirmed the petitioner's conviction and sentence, and the Supreme Court denied his application for permission to appeal on January 6, 1986.

On April 4, 2006, the petitioner filed a petitioner for writ of error coram nobis claiming that his conviction should be set aside based on newly discovered evidence. In support of his claim, the petitioner asserted that the State failed to comply with its duty to elect the offense upon which his conviction should be based and that the grand and petit juries of Shelby County were "unconstitutionally selected and impaneled." The State filed a response to the petition on October 17, 2008, asserting that the one-year statute of limitations barred the petition and that the petitioner failed to allege any newly discovered evidence. The trial court conducted a hearing on March 18, 2009, and dismissed the petition after the State argued its grounds for dismissal. At the hearing, the trial court also denied the petitioner's attempt to introduce evidence he received in 2005 from the Innocence Project. The petitioner provided the information to counsel on the day of the hearing. A written order dismissing the petition was filed on March 18, 2009. The petitioner filed a timely notice of appeal on March 26, 2009.

Analysis

On appeal, the petitioner argues that the trial court's dismissal of his petition for writ of error coram nobis was an unconstitutional denial of his right to due process. The petitioner also argues that the trial court erred in refusing to hear an additional claim that was not included in his original petition for relief.

Trial courts may grant a criminal defendant a new trial following a judgment of

conviction under limited circumstances through the extraordinary remedy offered by a writ of error coram nobis. T.C.A. § 40-26-105; *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis may be granted where the defendant establishes the existence of newly discovered evidence relating to matters litigated at trial if the defendant shows he was without fault in failing to present the evidence at the proper time and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. T.C.A. § 40-26-105; *Mixon*, 983 S.W.2d at 668. The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. T.C.A. § 40-26-105; *State v. Hart*, 911 S.W.2d at 375 (Tenn. Crim. App. 1995). Therefore, the trial court's decision will not be overturned absent a showing of abuse of discretion.

The appropriate period for filing is one year after the judgment becomes final in the trial court or, if a post-trial motion is filed, one year from entry of an order disposing of the post-trial motion. T.C.A. § 27-7-103; *Workman v. State*, 41 S.W.3d 100, 105 (Tenn. 2001). The Tennessee Supreme Court has recognized that principles of due process may toll the writ of error coram nobis statute of limitations or the post-conviction statute of limitations where the petitioner's liberty interest in raising a late arising issue outweighs the State's finality interest embodied in the statute. *Workman*, 41 S.W.3d at 101-02; *see also Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). Although coram nobis claims are governed by a one-year statute of limitations, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *See Harris v. State*, 102 S.W.3d 587, 593 (Tenn. 2003).

Here, the petitioner filed his petition for writ of error coram nobis outside the applicable statute of limitations. His petition was filed more than twenty years after the judgment became final in his case. The State raised the time defense in its response to the petition. The petitioner did not present any due process basis for tolling the statute of limitations, and he has not provided any explanation for the twenty-year delay. The record is void of any reason beyond the petitioner's control that prevented the timely filing of his coram nobis action. *See Workman*, 41 S.W.3d at 103. Further, the petitioner acknowledged in his brief that no new evidence is alleged to exist on the face of his petition for relief.

In the context of coram nobis proceedings, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner. *Burford*, 845 S.W.2d at 208. The petitioner asserts that he received information pertinent to his case from the Innocence Project in 2005; therefore, he could have and should have included any claims based on that information in his petition filed in 2006. The trial court has not abused its discretion by refusing to allow an oral amendment to the petition on the day of the hearing. The trial court was within its discretion to dismiss

the petition because the petitioner did not present a basis upon which coram nobis relief could be granted.

Further, counsel for the petitioner contends that the petitioner received information from the Innocence Project in 2005. However, he filed the petition for relief in 2006. He should have included that information in the petition. He had ample time to amend his petition before the hearing in 2009. The trial court has not abused its discretion by refusing to allow more evidence to be presented at the 2009 hearing.

Conclusion

Based on the foregoing and the record as a whole, we affirm the dismissal of the petitioner's petition from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE